UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 18-cv-602 |
| v. ) ) ) | **COMPLAINT** |
| BOARD OF REGENTS OF THE UNIVERSITY OF WISCONSIN SYSTEM, ) ) ) ) | (Jury Trial Demand) |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Bambi Butzlaff Voss. As alleged below, on or about January 12, 2016, the defendant Board of Regents of the University of Wisconsin System refused to hire Ms. Butzlaff Voss because of her age (then 53).

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked under 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted under Section 7(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is the federal agency charged with administering, interpreting, and enforcing the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the defendant, Board of Regents of the University of Wisconsin System ("UW"), has continuously been a political subdivision of the state of Wisconsin, with central offices located within the Western District of Wisconsin, and has continuously had at least 20 employees.

## STATEMENT OF CLAIMS

5. More than 30 days before the institution of this lawsuit, Ms. Butzlaff Voss filed a charge with the EEOC alleging the UW violated the ADEA.

6. On September 15, 2017, the EEOC issued to the UW a Letter of Determination finding reasonable cause to believe that the ADEA was violated and inviting the UW to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

7. The EEOC engaged in communications with the UW to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

8. The EEOC was unable to secure from the UW a conciliation agreement acceptable to the EEOC.

9. On May 10, 2018, the EEOC notified the UW in writing that conciliation efforts had failed.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. On or about January 12, 2016, the UW engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it refused to hire Ms. Butzlaff Voss, who was in the protected age group as defined in Section 12 of the ADEA, 29 U.S.C. § 631, to a position as Associate Marketing and Communications Specialist, even though she had many years of experience performing tasks similar, if not identical, to the ones this position required, because of her age (then 53). The UW ultimately hired a less-experienced and much younger (then 23) candidate.

12. The effect of the practices complained of in Paragraph 11 above has been to deprive Ms. Butzlaff Voss of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

13. The unlawful employment practices complained of in Paragraph 11 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining the UW and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate against individuals 40 years of age and older by refusing to hire them because of their age.

B. Order the UW to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring the UW to pay Ms. Butzlaff Voss appropriate back wages, including lost benefits, in an amount to be determined at trial, and an equal sum as liquidated damages.

D. Order the UW to make Ms. Butzlaff Voss whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place reinstatement or front pay, including lost benefits, as necessary in lieu of reinstatement.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
　　COMMISSION
131 M Street, N.W.
Washington, D.C.  20507

Dated:  August 6, 2018

Gregory Gochanour
Regional Attorney

Dated:  August 6, 2018         /s/ *Jean P. Kamp*_____
Jean P. Kamp
Associate Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
　　COMMISSION
Chicago District Office
500 West Madison Street - Suite 2800
Chicago, IL  60661

*Telephone*: (312) 869-8116
*E-mail*: gregory.gochanour@eeoc.gov
*E-mail*: jean.kamp@eeoc.gov

Dated: August 6, 2018          /s/ *César J. del Peral*
César J. del Peral
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Milwaukee Area Office
310 West Wisconsin Avenue - Suite 800
Milwaukee, WI 53203-2292
*Telephone*: (414) 297-1114
*Fax*: (414) 297-3146
*E-mail*: cesar.delperal@eeoc.gov