IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,

  v.

BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM,

                        Defendant.

OPINION and ORDER

18-cv-602-jdp

---

Plaintiff Equal Employment Opportunity Commission brought this suit on behalf of Bambi Butzlaff Voss, who worked as a university services program associate for defendant Board of Regents of the University of Wisconsin System until she was laid off in May 2016. EEOC alleges that the Board rejected Butzlaff Voss's application for another position because of her age, in violation of the Age Discrimination in Employment Act.

The Board has filed a motion for summary judgment, which the court will deny. Although EEOC hasn't presented any evidence directly pointing to age bias, it has adduced evidence that Butzlaff Voss was significantly more qualified than the Board's chosen applicant (who is 30 years younger than Butzlaff Voss) and that the subjective, vague reasons the Board gave for its decision are pretexts. That is enough to show a genuine issue of material fact, *see* Fed. R. Civ. P. 56, so EEOC is entitled to present its claim to a jury.

## UNDISPUTED FACTS

The following facts are undisputed, unless otherwise noted.

Bambi Butzlaff Voss was a university services program associate in the marketing department at UW-Waukesha, which is one of 13 two-year campuses around the state. Collectively, these campuses are called UW Colleges and are part of the University of Wisconsin System.

As a services program associate, Butzlaff Voss was responsible for assisting in the development of campus printed-materials and website maintenance; serving as the campus public information officer; planning campus events; serving as campus liaison to UW-Waukesha alumni and friends; hiring, training, and supervising student employees to assist with departmental projects; and assisting with other campus and departmental activities as needed. Butzlaff Voss says that she performed additional duties as well, including running the marketing department when the director position was vacant, writing news releases, developing education ads, designing online promotional materials, editing videos, managing the website and social media, videotaping student interviews, archiving, and building relationships with high school counselors.

In 2015, in response to budget cuts, UW Colleges consolidated its marketing departments from its 13 campuses into one centralized office. Butzlaff Voss's position was identified as one of 13 positions that would be eliminated due to the centralization of marketing and communications. Butzlaff Voss and the employees identified for lay off were invited to apply for any of the seven positions that were then available in the centralized office.

Butzlaff Voss selected four of the seven positions, including the associate marketing and communications specialist position, which was an entry-level position. She was 53 years old at

the time. She had 26 years of experience working in the UW system and 37 years of experience in the field of communications and marketing.

A six-person committee conducted the recruiting process. Rodee Schneider (the associate director of marketing for UW Colleges) was the chair of the committee, which also included Vicki Keegan (the director of the marketing department). The committee decided to interview all of the internal candidates before considering outside applicants.

The committee interviewed Butzlaff Voss between January 28 and 30, 2016. She was not selected for any of the positions she requested. The committee members unanimously agreed not to choose Butzlaff Voss, but Schneider made the final decision. The committee also rejected the other internal candidates who applied for the position.[1]

The associate marketing and communications specialist position was reposted and this time outside candidates were allowed to apply. Again, Schneider was the chair of the recruitment committee. Butzlaff Voss submitted another application in response to the outside job posting, but she was not interviewed.

The committee selected five finalists for an interview, including IF, who was 23 years old at the time.[2] IF had been working as a student intern for marketing at UW Colleges for approximately two months. She worked at central marketing and Schneider supervised her. Before working for UW Colleges, she had 11 months of experience in the field of communications and marketing.

---

[1] The parties didn't provide any information about the other internal candidates.

[2] The court will refer to the other applicants by their initials to protect their privacy.

Other finalists included HH, MO, SN, and SK. HH graduated from college in 2013, had no more than one year of experience working as an intern in the UW system, and had no more than one year of professional experience in the field of communications and marketing. MO graduated from college in 2013, had no experience working in the UW system, and one year of professional experience in the field of communications and marketing. SN graduated from college in 2013 and had no experience working in the UW system. SK had no experience working in the UW marketing system and no professional experience in the field of communications and marketing.

The committee members unanimously agreed to hire IF, but Schneider made the final decision.

Butzlaff Voss was laid off in May 2016.

## ANALYSIS

**A.  Overview of the claim**

EEOC is raising a single claim in this case: the Board discriminated against Butzlaff Voss because of her age when it declined to hire her for the associate marketing and communications specialist position that opened up after UW Colleges centralized its marketing departments. EEOC isn't challenging the Board's decisions to either eliminate Butzlaff Voss's position at UW-Waukesha or to pass over Butzlaff Voss for the other three positions she applied for.

EEOC's claim rests on the Age Discrimination in Employment Act, which states that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms,

4

conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The question raised in the Board's motion for summary judgment is whether EEOC has adduced sufficient evidence to allow a reasonable jury to infer that the Board would have chosen Butzlaff Voss for the associate marketing and communications specialist position "but for" her age. *See Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 763 (7th Cir. 2016); *Fleishman v. Continental Cas. Co.*, 698 F.3d 598, 603–04 (7th Cir. 2012).

EEOC's theory is straightforward. It contends that a reasonable jury could infer age discrimination for two main reasons: (1) Butzlaff Voss's experience made her obviously more qualified for the job than both IF and the other finalists, all of whom were substantially younger than Butzlaff Voss;[3] and (2) the Board's reasons for preferring IF over Butzlaff Voss are pretextual.

**B. Relative qualifications**

Evidence that an employer hired a less qualified applicant can be evidence of discrimination, *see Hutchens v. Chicago Bd. of Educ.*, 781 F.3d 366, 374 (7th Cir. 2015), but the general rule is that the difference between the applicants must be "so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d 731, 738 (7th Cir. 2006). In this case, it is certainly true that Butzlaff Voss had more experience than IF, but, as the Board points out, seniority isn't the same thing as better qualifications. *See Fisher v. Wayne Dalton Corp.*, 139 F.3d 1137, 1141–42 (7th Cir. 1998).

---

[3] The Board says that EEOC hasn't adduced evidence of the ages of any finalist other than IF. But it's reasonable to infer that the committee believed that that the finalists were substantially younger than Butzlaff Voss in light of their lack of experience and recent college graduation dates.

But EEOC has adduced evidence beyond Butzlaff Voss's years on the job. Neither party proposes specific facts either about the new position or about what duties IF had as an intern, which makes it more difficult to assess the applicants' relevant qualifications. But Butzlaff Voss states in her declaration that "the function [of the new job] was quite similar to the job I had been doing—including doing advertising, news releases, marketing, social media posting, and government relations." Dkt. 29, ¶ 9. This statement appears to be consistent with the description of the new job that the Board submitted with its motion, which states that "the Associate Marketing and Communications Specialist develops and implements UW Colleges-related communication and marketing pieces, including online content, advertisements, student communication, press releases, social media, and other materials." Dkt. 21-3.

The Board doesn't deny that the responsibilities of the new job are similar to the responsibilities that Butzlaff Voss had been performing for years. It says that the new position was different because it would require the employee to serve all 13 campuses instead of just one. But the Board doesn't point to any evidence from Butzlaff Voss's work history suggesting that she wasn't up to the task. And the Board doesn't identify any evidence supporting the view that an intern with two months of experience would be more capable than Butzlaff Voss. It is true that experience wasn't a requirement for the job, but the Board doesn't contend that it viewed significant experience as a negative factor, so the fact that the Board passed over Butzlaff Voss despite her experience performing a similar job is some evidence of discriminatory intent.

## C. Pretext

Evidence of pretext is also evidence of discrimination: "If the only reason an employer offers for firing an employee is a lie, the inference that the real reason was a forbidden one may

rationally be drawn." *Testerman v. EDS Technical Products Corp.,* 98 F.3d 297, 303 (7th Cir. 1996) (internal quotations and alterations omitted). *See also Greengrass v. Int'l Monetary Sys. Ltd.,* 776 F.3d 481, 487 (7th Cir. 2015) ("Where, as here, there is a question of fact as to the believability of an employer's purported reasons for an employment decision . . . it suffices to defeat the employer's summary judgment motion." (internal quotations and alterations omitted)).

The Board's stated reasons for rejecting Butzlaff Voss's application fall into two categories: (1) problems with her past job performance; and (2) problems with her performance at the interview. In its position statement filed with EEOC, the Board also said that it didn't choose Butzlaff Voss because she "had less overall experience than candidates that were moved to finalist status." Dkt. 30-1. The Board disavows this reason now, which EEOC says is evidence of "shifting explanations." The Board says that the position statement isn't probative because it was prepared by a lawyer without input from the two primary decision makers, Keegan (the director of marketing) and Schneider (the associate director of marketing). Because the court concludes that EEOC has adduced sufficient evidence to show a genuine issue of material fact without regard to the position statement, the court need not decide now whether the statement is evidence of pretext.

### 1. Job performance

The Board cites Keegan's declaration for the proposition that Butzlaff Voss had not been "responsive, or timely, to central marketing." Dkt. 37, ¶ 27 (citing Dkt. 20, ¶ 16). But Keegan doesn't cite any examples of this type of conduct or otherwise explain what she means by not "responsive" or "timely." A reasonable jury could find such a vague explanation to be pretextual. *See Hudson v. Lands' End Inc.,* 928 F. Supp. 2d 1045, 1059 (W.D. Wis. 2013) ("A

7

reasonable jury could also conclude that defendant's criticisms of plaintiff's performance are pretextual because they were so vague.").

In any event, Butzlaff Voss denies that she ever failed to respond promptly to the central office. *See* Dkt. 29, ¶ 5 ("When asked for any information from the central office in Madison, I always got back to that office as soon as possible[.] I pride myself on response time, integrity and communication."); *id.*, ¶ 8 ("I always responded promptly to any requests [Keegan] made."). The Board says that Butzlaff Voss's opinion of her own performance is irrelevant, but this testimony isn't an opinion; it's factual evidence of which Butzlaff Voss has personal knowledge. *See Abuelyaman v. Illinois State University,* 667 F.3d 800, 813 (7th Cir. 2011) ("[A]n employee may create a triable issue of fact by specifically refuting facts that allegedly support the employer's claim of performance deficiencies." (internal quotations omitted)). Particularly because the Board's evidence is so vague, the court concludes that this issue is genuinely disputed.

The Board cites no other evidence that Butzlaff Voss's job performance was deficient. In fact, it is undisputed that her performance evaluations were uniformly positive. Dkt. 38, ¶¶ 17–23. She also received a recommendation from her former supervisor, who wrote that her skills were "invaluable" to the marketing department; she was able "to tackle a project with little to no supervision or guidance"; she "excel[led] in . . . leadership and training"; and she had the "intelligence, work ethic and communication skills to add value wherever she works." Dkt. 30-5. For reasons the Board doesn't explain, the recruitment committee didn't consider Butzlaff Voss's positive work history. Dkt. 38, ¶ 23.

### 2. Interview performance

The Board also says that it declined to choose Butzlaff Voss because she performed poorly at her interview. Specifically, it cites Schneider and Keegan's testimony for the propositions that Butzlaff Voss "displayed a significant lack of understanding about the new role," Dkt. 23, ¶ 12; she "seemed unwilling to adapt to the new model of a centralized marketing office," Dkt. 20, ¶ 15; and she failed to express skills of "flexibility and adaptability" during the interview, Dkt. 20, ¶ 14. Again, the Board doesn't explain what it means by any of that. It doesn't point to specific answers that Butzlaff Voss gave or describe why the decision makers believed that she didn't display the necessary qualities.

The Board's reasons for choosing IF are similarly vague and subjective. For example, the Board says that IF was "flexible and adaptable" when she was an intern, that she "provided clear cut answers to explain how she would accomplish what we needed," that she "had a broad set of skills," and that she "was extremely pleasant to be around." Dkt. 37, ¶¶ 38–41. The Board doesn't provide any specifics.

Reliance on subjective criteria is not prohibited in making hiring decisions, but it "may leave [the employer] more vulnerable to a finding of discrimination" under some circumstances. *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998). Reliance on such criteria becomes more problematic when, as in this case, the employer's reasons are so vague as to be almost impossible to rebut. *See, e.g.*, *Hitchcock v. Angel Corps, Inc.*, 718 F.3d 733, 738 (7th Cir. 2013) (finding of pretext supported by employer's failure to specify what the plaintiff did wrong); *Culver v. Gorman & Co.*, 416 F.3d 540, 548 (7th Cir. 2005) (finding of pretext supported by employer's reliance on unspecified "performance issues"); *Tennes v. Com. of Mass., Dep't of Revenue*, 944 F.2d 372, 379 (7th Cir. 1991) (finding of pretext supported by employer's reliance

9

on "vague" criticism of the plaintiff). "[A]n employer must articulate reasonably specific facts that explain how it formed its opinion of the applicant." *U.S. E.E.O.C. v. Target Corp.*, 460 F.3d 946, 957 (7th Cir. 2006).

In response to the Board's allegations, EEOC cites Butzlaff's declaration, in which she says that, during the interview,

> I described my skills and expressed a willingness to be flexible. I made it clear that I would do whatever it took to adapt and fit into the new role. I explained I was a quick learner, hard worker and had years of experience doing a job similar to do the job they wanted and would be happy to commute to Madison. I discussed how my experience and diversity of roles served at UW-Waukesha clearly showed I was both flexible and proficient in taking on new and unexpected responsibilities.

Dkt. 29, ¶ 13. The Board doesn't explain how those answers are deficient. EEOC also cites Butzlaff Voss's performance evaluations, in which supervisors praised her for her initiative, adaptability, and flexibility. In light of the Board's failure to provide more specific reasons for its decision, the court concludes that EEOC's evidence is sufficient to show a genuine issue of material fact requiring a trial.

D. Conclusion

The evidence of age discrimination submitted by EEOC is not overwhelming. And if the Board had provided more specific reasons for its decision, perhaps it could have shown that it was entitled to summary judgment. But the evidence adduced by the parties thus far would allow a reasonable jury to render a verdict in EEOC's favor, so the court will deny the Board's summary judgment motion.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Board of Regents of the University of Wisconsin System, Dkt. 17, is DENIED.

Entered November 7, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge